mother, but was told by the police that he would first have to give them a statement. However, on the basis of the other evidence before it, the court below found that defendant never asked to see an attorney and concluded, further, that the statement was voluntary. In my view, the confession was under the circumstances improperly obtained, and its admission constitutes reversible error. Since at the time of defendant's commitment there was no criminal action or proceeding pending in a court of this State in the matter, his detention as a material witness was illegal (*People ex rel. Gross* v. *Sheriff*, 302 N. Y. 173; *People ex rel. Van Der Beek* v. *McCloskey*, 18 A D 2d 205). Further, it is clear that from the moment Mickens identified defendant as the perpetrator, prior to his (defendant's) commitment, defendant was the target of the investigation. During the 60 hours from 3:00 P.M. on November 3, when he was taken into custody, until 3:00 A.M. on November 6, when he signed the statement, defendant was under constant police pressure. That long detention in the station house where the police had constant access to him, and their transportation of him about the countryside at odd hours of the day and night, made him so vulnerable to their dominance that, in my opinion, his will was overborne by the time he confessed. A confession obtained under such circumstances is involuntary and inadmissible (*Lynumn* v. *Illinois*, 372 U. S. 528, 534; *Spano* v. *New York*, 360 U. S. 315, 323; *Leyra* v. *Denno*, 347 U. S. 556; *Wilson* v. *United States*, 162 U. S. 613, 623).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND HOLLEY, Appellant.

Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WATKINS, Appellant.

Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.